85 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
KEYSTONE SHIPPING COMPANY; and Shipco 667 Inc., Plaintiffs,
v.
James K. FISCHER, M.D.; James L. Ferguson, M.D.; John
Doe(s), M.D.; Chec Medical Centers, Inc.;
Readicare, Inc.; and Paul Lowe, Defendants.
James L. FERGUSON, M.D.; Chec Medical Centers, Inc.;
Readicare, Inc., Third-Party-Plaintiffs-Appellants,
v.
UNLICENSED DIVISION OF DISTRICT NO. 1-MEBA/NMU, AFL-CIO;
Marine Engineers Beneficial Association; National
Maritime Union of America, AFL-CIO,
Inc., Third-Party-Defendants-Appellees.
 No. 95-35540.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1996.
Decided May 15, 1996.
 
 Before: LAY, FERGUSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Third-party plaintiff health care providers ("HCP") appeal from the district court's entry of summary judgment in favor of the third-party union defendants (the "Union"), arguing that genuine issues of material fact exist with respect to HCP's claim that the Union failed to prescreen seaman Paul Lowe before sending him to HCP for a pre-sign on physical examination, and this failure to follow Union "protocol" was both a breach of the Union's duty to HCP and a proximate cause of HCP's damages. We review de novo, see Buffets, Inc. v. Klinke, 73 F.3d 965, 967 (9th Cir.1996), and we affirm.
 
 
 3
 Regardless of whether the Union (or, as the Union urges, a Union affiliate) may have owed a duty to HCP to prescreen seaman applicants, there is no genuine issue of material fact concerning whether the breach of any such duty was a proximate cause of HCP's potential liability to the vessel's owners and operators. HCP independently examined Lowe and knew that he suffered from a psychiatric disorder for which he was taking lithium carbonate; HCP consulted the SHIP Retention Standards Manual, which listed the use of lithium carbonate as a disqualifying condition for sea duty; yet HCP nevertheless certified Lowe as being medically fit for sea duty. We find no merit to any of HCP's arguments, and conclude that the district court did not err by granting summary judgment in favor of the Union.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3